IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOSE DE JESUS REYNOSO-RAMIREZ,<br><br>Petitioner,<br><br><br><br><br>vs.<br><br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING AND DISMISSING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE, BROUGHT PURSUANT TO 28 U.S.C. § 2255 AND CLOSING CASE<br><br><br><br>Civil Case No. 2:05-CV-738 TS<br><br>Criminal Case No. 2:04-CR-824 |

This matter is before the Court on Petitioner's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody[1] (hereinafter "Petitioner's § 2255 Motion").  In support thereof, Petitioner has also filed a memorandum and affidavit,[2] and the government has filed its response.  Petitioner is proceeding *pro se* in this matter.[3]  Having

---

[1] Docket No. 1 in Case No. 2:05-CV-738 TS.

[2] Plaintiff's Memorandum and Affidavit are attached to the § 2255 Motion as *Id.*

[3] The Court notes that, in his Memorandum, Petitioner states that he is "assisted by his chosen prison assistant Jose Guerrero-Acosta . . ." *Id.* at 8.

1

considered the pleadings and the record before it, the Court finds that Petitioner's arguments, and their underlying bases, do not establish appropriate grounds upon which to justify relief under § 2255. Based upon the reasons set forth more fully below, the Court will deny the § 2255 Motion and close this case.

## BACKGROUND

On December 8, 2004, Petitioner was charged in a one-count Indictment with Reentry of a Previously Removed Alien.[4] Petitioner pleaded guilty on January 25, 2005.[5] A presentence report was prepared, and defense counsel filed a 16-page memorandum[6] with the Court, requesting a downward departure in Petitioner's sentence on several grounds. On April 12, 2005, Petitioner was sentenced to a low-end sentence of 57 months incarceration with the Bureau of Prisons.[7] Judgment was entered on April 13, 2005.[8] Petitioner did not pursue a direct appeal.

## DISCUSSION

In his Motion, Petitioner alleges that: 1) there was a violation of his Fourteenth Amendment right to equal protection of laws because, as an illegal alien, he does not qualify for certain programs and benefits; 2) his Sixth Amendment right to effective assistance of counsel was violated because his attorney failed to seek a downward departure based upon an alleged

---

[4] Docket No. 1 in Case No. 2:04-CR-824 TS.

[5] Docket Nos. 12, 13 in Case No. 2:04-CR-824 TS.

[6] Docket No. 16 in Case No. 2:04-CR-824 TS.

[7] Docket No. 19 in Case No. 2:04-CR-824 TS.

[8] Docket No. 20 in Case No. 2:04-CR-824 TS.

violation of the "Vienna Treaty;" and 3) his Fourteenth Amendment equal protection rights were violated because the Court "ignored" the government's lack of opposition to a lesser sentence.

Additionally, in his supporting Memorandum, Petitioner expounds upon his previous grounds, and also raises the following issues: 1) disparity of sentences among fast-track recipients; 2) medical condition of his mother; 3) cultural assimilation; and 4) § 5K2.0 departure based on the fact that his brother apparently served 90 days beyond his sentence in a separate case.

The Court will address each issue below.

### I.     STATUTE OF LIMITATIONS

The Court makes the initial finding that Petitioner's § 2255 Motion was timely filed. Petitioner's judgment in the underlying criminal case was entered on April 13, 2005,[9] and Petitioner's § 2255 Motion was filed on September 6, 2005,[10] within the one-year limitations period set by 28 U.S.C. § 2255(1).

### II.    FOURTEENTH AMENDMENT ISSUES

Petitioner argues that there was a violation of his Fourteenth Amendment right to equal protection of laws because, as an illegal alien, he does not qualify for certain programs and benefits. The determination regarding participation in and benefit from incarceration programs such as a drug program or a half-way house are committed by Congress to the discretion of the Bureau of Prisons, and are not a matter of right. Further, the fact that citizen prisoners qualify for

---

[9] Docket No. 20 in Case No. 2:04-CR-824 TS.

[10] Docket No. 1 in Case No. 2:05-CV-738 TS.

these programs while alien prisoners do not, does not meet the "substantially more onerous" standard and is not a violation of Petitioner's Fourteenth Amendment rights.[11]

Therefore, Petitioner's disqualification from participation in the programs described above is not grounds to vacate, set aside or correct his sentence in the underlying criminal case under § 2255.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

As noted above, Petitioner alleges[12] that his attorney provided ineffective assistance of counsel for her failure to seek a downward departure based on an alleged violation by the government of Petitioner's rights under the "Vienna Treaty."[13]  Article 36 of the Vienna Convention provides that, if a detained foreign national

> so requests, the competent authorities of the receiving State shall, without delay, inform the consular post of the sending State if, within its consular district, a national of that State is arrested or committed to prison or to custody pending trial or is detained in any other matter.  Any communication addressed to the consular post by the person arrested, in prison, custody, or detention shall also be forwarded by said authorities without delay.  The aid

---

[11] *See United States v. Meza-Urtado*, 351 F.3d 301, 304 (7th Cir. 2003); *United States v. Gonzalez-Portillo*, 121 F.3d 1122, 1124-25 (7th Cir. 1997), *cert. denied*, 522 U.S. 1061 (1998); *United States v. Navarro*, 218 F.3d 895, 898 (8th Cir. 2000); *United States v. Martinez-Ramos*, 184 F.3d 1055 (9th Cir. 1999); *United States v. Restrepo*, 999 F.2d 640, 645 (2nd Cir. 1993), *cert. denied*, 510 U.S. 954 (1993).

[12] The Court notes that, while this argument is raised in summary in the § 2255 Motion, it is not discussed in the Memorandum in support.

[13] Docket No. 1 in Case No. 2:05-CV-738 TS at 4.

       authorities shall inform the person concerned without delay of his
rights under this sub-paragraph.[14]

"Neither the Supreme Court nor [the Tenth Circuit] has held that Article 36 confers individually enforceable rights."[15]  Other circuits have considered the precise issues raised by Petitioner in this case.  The Second Circuit has found that Article 36 of the Vienna Convention "do[es] not create any fundamental rights for a foreign national."[16]  The Eighth Circuit has concluded that "this error, if any, does not constitute a jurisdictional defect, and was therefore foreclosed by [Petitioner's] guilty plea."[17]

Petitioner's claim falls short of establishing ineffective assistance of counsel.  The Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffectiveness of counsel.[18]  "To demonstrate ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[19]

The Court finds that trial counsel's representation in this case did not fall below an objective standard of reasonableness.  The Court finds that it is not objectively unreasonable for

---

[14] Vienna Convention on Consular Relations, April 24, 1963, 21 U.S.T. 77, 101 T.I.A.S. No. 6820.

[15] *Alvarez v. Gonzales*, 155 Fed.Appx. 393, 396-97 (10th Cir. 2005) (internal citations omitted) (unpublished opinion).

[16] *United States v. De La Pava*, 268 F.3d 157, 165 (2nd Cir. 2001).

[17] *United States v. Guzman-Landeros*, 207 F.3d 1034, 1035 (8th Cir. 2000).

[18] *Strickland v. Washington*, 466 U.S. 668 (1984).

[19] *United States v. Lopez*, 100 F.3d 113, 117 (10th Cir.1996) (citing *Strickland*).

Petitioner's criminal trial counsel to fail to advise him of the Vienna Convention as a defense or a possible grounds for downward departure, as it has not been established that the treaty confers any rights that would have assisted Petitioner in his defense in the underlying criminal case at or sentencing.

However, even assuming that the Vienna Convention did confer such rights, Petitioner has failed to establish that he has suffered any prejudice by any violation thereof.  Petitioner concedes that he viewed himself as a United States citizen and was familiar with this country. Considering his criminal history, he was familiar with the criminal justice system.  Petitioner has made no assertion that he would have contacted the consulate if he had been aware of this option, and has failed to demonstrate how this case would have been handled differently.  As such, there is no "probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[20]

> The purpose behind the consular-notification provision of the Vienna Convention is "to ensure that a foreign national charged with a violation of American law is visited by an official representative of his native country who can explain to him his rights as a criminal defendant in the United States, most notably his right to legal counsel."  When a foreign national is able to obtain legal representation on his own, however, counsel then "assumes full responsibility for safeguarding" petitioner's legal rights, and there is no prejudice in failing to inform petitioner of his consular notification rights.  "[A] defense attorney cannot be labeled ineffective for failing to advise his client of the right to speak to a

---

[20] *United States v. Harfst*, 100 F.3d 398, 402 (citing *Strickland*).

6

diplomatic official who could do no more to protect his rights than counsel himself."[21]

The Court notes that, contrary to being ineffective, Petitioner's counsel in the underlying criminal case provided a vigorous defense, including filing a 16-page memorandum seeking a downward departure in Petitioner's sentence. She raised numerous issues to the Court in an attempt to benefit Petitioner, including raising mitigating factors (non-violent nature of the offense, illness of his mother, unreasonableness), and fast-track disparity. In the plea agreement executed by Petitioner at his change of plea hearing, Petitioner confirmed that he had "discussed this case and this plea with my lawyer as much as I wish. I am satisfied with my attorney."[22] The Court finds that trial counsel provided effective and competent representation and that the Court made its determination of the reasonable sentence pursuant to 18 U.S.C. § 3553(a), and that sentence would not have been altered if trial counsel had raised the Vienna Convention argument.

Therefore, the Court finds that Petitioner has failed to make out a claim for ineffective assistance of counsel, and the Court will dismiss Petitioner's § 2255 Motion on this ground.

IV.   MISCELLANEOUS ISSUES

Petitioner raises several other non-Constitutional issues, all but two of which were raised and disposed of at sentencing.

---

[21] *Alcantara v. United States of America*, 2003 WL 102873, *3 (S.D.N.Y. 2003) (unpublished opinion) (internal citations omitted).

[22] Docket No. 5 in Case No. 2:05-CR738 TS at 6.

Issues which are raised herein and were already considered by the Court in the underlying criminal matter are: fast-track disparity, mitigating factor of Petitioner's mother's medical condition, reasonableness of the guidelines as applied to this case (i.e., in assessing dangerousness and motive; non-violence), and cultural assimilation.  As noted above, Petitioner's counsel thoroughly briefed these issues, and the government provided its written response, and the Court fully considered the arguments set forth by Petitioner and exercised its discretion in opting not to downwardly depart.  The Court imposed a sentence which it found was in keeping with the statutory sentencing directives set forth in 18 U.S.C. § 3553(a), including providing just punishment for the offense, affording adequate deterrence to criminal conduct, and protecting the public from further crimes of the Defendant.  The Court at sentencing fully set forth the legal and factual grounds underlying its determination, and Petitioner has made no argument to justify vacating, setting aside or correcting the sentence in this regard.  Therefore, Petitioner's § 2255 Motion is denied on these grounds.

Petitioner also raises two issues which were not raised at sentencing: 1) that the Court ignored the government's lack of objection to a downward departure of 1 ½ years, and 2) that Petitioner should receive a lesser sentence under USSG § 5K2.0 because his brother, in an unrelated case, served 90 days beyond his lawful sentence,[23] arguing that this is a "special circumstance," which should be grounds for departure in this case.

---

[23] Petitioner cites the unpublished Tenth Circuit opinion in the case of his brother, Martin Reynoso-Ramirez.  *United States v. Reynoso-Ramirez*, 109 Fed.Appx. 279 (10th Cir. 2004) (unpublished opinion).

As to the first issue, although Petitioner makes mention of the government's "unopposition" to a 1 ½ year reduction in the sentence, the Court finds no support for such an argument in the record. The plea agreement in this case[24] makes no mention of such a reduction and, at sentencing, the government filed a 35-page opposition[25] to Petitioner's motion for downward departure. However, even if the government had agreed to not oppose a departure, such an agreement would not be binding upon the Court.[26]

Finally, while Petitioner argues that a lesser sentence is justified under USSG § 5K2.0 because his brother, in an unrelated case, apparently served 90 days longer than his lawful sentence, that fact is simply not relevant to the case at hand, and does not justify a lesser sentence here. The Court is charged with imposing a sentence which considers the factors set forth in 18 U.S.C. § 3553(a) as set forth above, and the status of Petitioner's brother's case is not relevant to the Court's consideration of a "reasonable" sentence here.

None of Petitioner's arguments herein justify vacating, setting aside or correcting the sentence, and he is not entitled to relief under § 2255.

## CONCLUSION

Based upon the above, it is hereby

ORDERED that Petitioner's § 2255 Motion (Docket No. 1) is DENIED. It is further

---

[24] Docket No. 13 in Case No. 2:04-CR-824 TS.

[25] Docket No. 18 in Case No. 2:04-CR-824 TS.

[26] *See* Docket No. 13 in Case No. 2:04-CR-824 TS at 2.

9

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

The Clerk of Court is directed to close this case forthwith.

SO ORDERED.

DATED this 8th day of August, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge